**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT MYRICK,**

    **Plaintiff,**

v.                                                Case No. 8:09-cv-1391-T-33TBM

**THE DISTRIBUTION AND
ACQUISITION NETWORK,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on referral by the Honorable Virginia M. Hernandez Covington for a Report and Recommendation on **Plaintiff's Motion for Default Judgment Against Defendant** (Doc. 10). For the reasons set forth herein, I recommend that the motion be granted in part.

I.

In this case, Robert Myrick ("Plaintiff") sues The Distribution and Acquisition Network ("Defendant") for various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. (Doc. 1). By his one-count verified Complaint, Plaintiff alleges that Defendant, a debt collection company, has repeatedly acted improperly in attempting to collect a consumer debt by placing constant and continuous calls to Plaintiff demanding payment for a debt that he does not owe. Plaintiff alleges that the debt is owned by Maria Gaddy, a person with whom he does not reside, and Defendant continued to place collection calls to Plaintiff even after it was informed of the same. *Id.,* ¶¶ 11-12. Plaintiff

alleges this court has personal jurisdiction over Defendant, a national company located in Buffalo, New York, because Defendant conducts business in the State of Florida. *Id.*, ¶¶ 3, 9. Plaintiff seeks an award of actual damages, statutory damages under § 1692k of the FDCPA, attorney's fees and costs under § 1692k of the FDCPA, a declaration that Defendant violated the FDCPA, and any other relief the court deems appropriate. *Id.,* ¶¶ 21-25.

Plaintiff effected service on October 8, 2009. (Doc. 7). The affidavit of service reflects that service of the summons and complaint was made on Charella Sagere, the owner of Defendant, at her actual place of residence in Buffalo, New York. *Id.* Defendant has not filed an answer or otherwise appeared in this case. On November 4, 2009, Plaintiff moved for entry of default based on Defendant's failure to file a response to the complaint, and the Clerk entered default against the Defendant that same day. (Docs. 8, 9). Plaintiff now seeks entry of a final default judgment against Defendant in the amount of $4,169.20, which includes $1,000.00 in statutory damages, $2,069.20 in attorney's fees, $750.00 in anticipated collection fees, and $350.00 in costs. (Doc. 10).

II.

The requirements for entry of a [final] default judgment are set forth in Federal Rule of Civil Procedure 55. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp., v. Bio-Energy Sys., Inc.,* 803 F.2d 1130, 1134 (11th Cir. 1986). By the entry of default, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Before entering a default judgment, the court must ensure

that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.[1] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[2] *see also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). The court must also consider whether an evidentiary hearing on damages is warranted. *See* Fed. R. Civ. P. 55(b)(2)(B) (court may conduct hearing to determine amount of damages); *SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005) (providing that an evidentiary hearing should be conducted if the amount of damages sought is not a liquidated sum or one capable of mathematic calculation but a hearing is not necessary where all essential evidence is already of record).

Each of these considerations, i.e., jurisdiction, liability, and damages, is addressed in turn.

---

[1] The court must also address personal jurisdiction because a default judgment is only valid when a court has personal jurisdiction over the defendant. *See Rash v. Rash,* 173 F.3d 1376, 1381 (11th Cir. 1999). Thus, "[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *see Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2006); *Romero v. All Stars Direct Servs., LLC,* No. Civ. A. 6:08-cv-257-Orl-18DAB, 2008 WL 2686751, at *1 (M.D. Fla. June 27, 2008); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006); *see also* 10 Federal Prac. & Proc. Civil 2d § 2682 at 407 (stating that the court must have personal and subject-matter jurisdiction over the defendants); 6 Moore's Fed. Prac. ¶ 55.02[3] (stating that "the presence of the court's jurisdiction should appear on the face of the complaint"). The court may make this inquiry *sua sponte. Sys. Pipe,* 242 F.3d at 324; *Romero,* 2008 WL 2686751, at *1.

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

A.

The court has subject matter jurisdiction over this action. The FDCPA states that, "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d); *see also* 28 U.S.C. § 1331 (federal question jurisdiction).

Plaintiff sufficiently pleads personal jurisdiction such that the court may exercise jurisdiction over the Defendant. A federal court undertakes a two-part analysis to determine if it may exercise personal jurisdiction[3] over a nonresident defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The court must first determine whether the Florida long-arm statute provides a basis for personal jurisdiction. *Sculpchair*, 94 F.3d at 626. If it does, the court must then determine whether sufficient minimum contacts exist between the defendant and Florida so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause to the Fourteenth Amendment. *Id.* Only if both prongs are satisfied may the court exercise personal jurisdiction over the nonresident defendant. *Madara*, 916 F.2d at 1514.

Here, Plaintiff essentially contends that the basis for the applicability of Florida's long-arm statute, Fla. Stat. § 48.193(1)(a), is that "Defendant conducts business in the State of

---

[3]Personal jurisdiction can be either specific or general. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. *Madara*, 916 F.2d at 1516 n.7. Specific personal jurisdiction arises from a party's contacts within the forum state that are related to the cause of action. *Id.*

Florida." (Doc. 1, ¶ 3). The factual allegations in the Complaint state that Defendant, a national debt collector located in New York, repeated violated the FDCPA by calling and harassing Plaintiff, a Florida resident, in an attempt to collect on a debt presumably incurred in Florida. These allegations adequately plead a prima facie showing of jurisdiction. *See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle*, 955 So.2d 598, 601 (Fla. Dist. Ct. App. 2007) ( showing adequate where plaintiff tracks language of section 48.193 without pleading supporting facts or by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193). Further, exercise of jurisdiction over Defendant comports with due process because Defendant's multiple contacts within Florida relate directly to Plaintiff's claim against it. *See Gilmore v. Account Mgmt., Inc.*, No. 1:08-cv-1388-JOF-LTW, 2009 WL 2848278, at *4 (N.D. Ga. Apr. 27, 2009). To this end, Defendant purposefully availed itself of the privileges of conducting activities within Florida when it knowingly made collection calls to a Florida resident to collect a debt, and, given the same, it had fair warning that it might have to appear before a Florida court. *See id.* Lastly, consideration of the relevant factors reveals that fair play and substantial justice are not offended by exercising jurisdiction over this Defendant.[4] *See id.*

---

[4] A finding of personal jurisdiction must also comport with traditional notions of fair play and substantial justice. This involves consideration of the following factors: the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies. *Madara*, 916 F.2d at 1517.

B.

The allegations set forth in Plaintiff's verified Complaint adequately state a claim under the FDCPA. To state a claim under the FDCPA, a plaintiff must allege that: (1) he has been subject to a collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has participated in an act or omission prohibited by the FDCPA. *Dokumaci v. MAF Collection Servs.*, No. 8:09-cv-2488-T-24TGW, 2010 WL 1507014, *2 (M.D. Fla. Apr. 4, 2010) (citing *McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)). Under the FDCPA, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Conduct violating this section includes:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) [T]he placement of telephone calls without meaningful disclosure of the caller's identify.

15 U.S.C. § 1692d(5), (6). The FDCPA also prohibits debt collectors from using "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Conduct that violates this section includes:

> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

<pre>                                              ***
       (10)    The use of any false representation or deceptive means to collect or
               attempt to collect any debt or to obtain information concerning a
               consumer.
</pre>

15 U.S.C. § 1692e(3), (4), (10).

Here, Plaintiff alleges that he has been subject to a collection activity arising from a consumer debt, albeit allegedly not his, and that Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).[5] (Doc. 1, ¶¶ 6-15). As for the act or omission prohibited by the FDCPA, Plaintiff alleges that Defendant violated § 1692d(5) by causing the telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass him, and violated § 1692d(6) by placing telephone calls without meaningful disclosure of its identify. (Doc. 1, ¶ 19). Plaintiff also alleges that Defendant violated § 1692e by falsely representing that it was calling from a law firm, threatening to take legal action that could not legally be taken or it did not intend to take, and using false representations and/or deceptive means to collect a debt. While these allegations are bare-boned, they track the statutory language and adequately set forth an adequate legal basis for the entry of judgment under Rule 55(b)(2). Plaintiff has adequately pled a cause of action under the FDCPA.

---

[5]Plaintiff avers that he is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and that, according to Defendant, he allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5). Even if Plaintiff is not a consumer given his denial of owing the debt at issue, his claim under the FDCPA is not precluded. Section § 1692k does not limit recovery to consumers. Rather, it imposes liability where a debt collector has failed to comply with the FDCPA with respect to "any person." 15 U.S.C. § 1692k. Thus, even if Plaintiff did not owe the debt and/or Defendant did not demand payment of a debt from Plaintiff, his recovery would not be precluded. *See id.; Conboy v. AT & T Corp.*, 84 F. Supp. 2d 492, (S.D. N.Y. 2000); *Dutton v. Wolhar*, 809 F. Supp. 1130, 1134-35 (D. Del. 1992). Of further note, the provisions of the FDCPA under which Plaintiff sues are not limited to consumers. *See* 15 U.S.C. §§ 1692d, 1692e.

7

C.

The FDCPA "authorizes the award of the costs of the action and a 'reasonable attorney's fee as determined by the court,' in addition to damages to any successful plaintiff." *Hollis v. Roberts,* 984 F.2d 1159, 1161 (11th Cir. 1993) (*quoting* 15 U.S.C § 1692k(a)(1), (2), (3)). Here, Plaintiff seeks a total of $4,169.20, which includes $1,000.00 in statutory damages, $2,069.20 in attorney's fees, $750.00 in anticipated collection fees, and $350.00 in costs.[6] (Doc. 10).

Given the allegations in Plaintiff's Complaint, which are admitted as true at this juncture, an award of statutory damages is appropriate. Under the FDCPA, an award of damages up to $1,000.00 is permissible. 15 U.S.C. § 1692k(a)(2)(A); *see also Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (holding that, under the FDCPA, $1,000.00 is the maximum amount of statutory damages allowable per action, not per violation). Because Defendant continued to telephone Plaintiff after being told that he did not own the debt and threatened legal action, I find that it is appropriate to award the maximum amount of statutory damages. Thus, Plaintiff should be awarded **$1,000.00 in statutory damages**, pursuant to 15 U.S.C. § 1692k(a)(2)(A).[7]

---

[6]I find that a hearing on damages is not warranted. *See Smyth,* 420 F.3d at 1231-32; *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979); *Selby v. Christian Nicholas & Assocs.*, No. 3:09-cv-121-J-34JRK, 2010 WL 745748, *1 (M.D. Fla. Feb. 26, 2010). While Plaintiff sought unspecified actual damages when filing suit, on the instant motion he seeks only statutory damages and the record is sufficient to determine the same.

[7]No actual damages are warranted. While Plaintiff claimed actual damages when filing suit, he does not allege any in the instant motion or offer any proof of the same.

8

As for costs, the $350.00 filing fee Plaintiff seeks to recoup is a permissible taxable cost under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1920. *See Selby*, 2010 WL 745748, at *4. Plaintiff, however, is not entitled to an award of $750.00 for "anticipated collection fees." While the FDCPA provides for an award of the costs of the action, it does not provide for an award for costs incurred in enforcing a resulting judgment. *See id.* at 3. And, Plaintiff cites no authority demonstrating otherwise. As such, Plaintiff should be awarded only **$350.00 in costs**.

The matter of attorney's fees requires greater consideration. In support of this claim, Plaintiff submits a log of the hours worked by attorneys and paralegals on his case. Specifically, Plaintiff seeks to recoup the following fees: (1) 1.8 hours worked by Adam Krohn at an hourly rate of $394.00, totaling $709.20; (2) 0.1 hours worked by Jeffrey Spiegel at an hourly rate of $225.00, totaling $22.50; (3) 0.2 hours worked by Matthew Kiverts at an hourly rate of $225, totaling $45.00; (4) 3.3 hours worked by Adam Hill at an hourly rate of $225.00, totaling $742.50; and (5) 4.4 hours worked by paralegals at an hourly rate of $125.00, totaling $550.00. The total fee sought is $2,069.20.

In FDCPA cases, the determination of an attorney's fee award is conducted in the same manner as in the civil rights fee-shifting context. *Hollis*, 984 F.2d at 1160. Thus, the starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

9

and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors.[8] *See Norman*, 836 F.2d at 1299. Plaintiff bears the burden of establishing entitlement to an attorney's fee and to provide documentation of a reasonable hourly rate and hours expended. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

In my experience in this market, the hourly rates of $394.00 for Mr. Krohn, a "managing partner," and $125.00 for paralegals are excessive under the circumstances and Plaintiff fails to proffer any evidence demonstrating otherwise. While these rates may be on par with those in Chicago, which is where it appears counsel is from, the relevant market is where the case is filed. *See Barnes*, 168 F.3d at 437. Thus, the attorney's fees in this case should be calculated based on the prevailing market rate in the Middle District of Florida

---

[8]In *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

given the skills of the attorneys involved. Here, Plaintiff provides no information regarding the experience of his counsel, their levels of expertise, or their reputations, and nothing about this case appears complex. In the undersigned's experience, $200.00 to $300.00 per hour is a reasonable hourly rate for a routine FDCPA matter such as this. In my view, an hourly rate of $275.00 per hour for Mr. Krohn's work setting up this file is more that sufficient. As for the other attorneys, $225.00 per hour is fair and reasonable. The going rate for paralegals in this market ranges from $60.00 to $125.00 per hour. Here, I conclude that an hourly rate of $95.00 per hours is fair and reasonable. *See Selby*, 2010 WL 745748, at *5. The number of hours expended is reasonable. Thus, Plaintiff is entitled to **$1,723.00 in attorney's fees**.[9]

These fees are awarded directly to Mr. Myrick.[10] The FDCPA provides that the person who recovers damages for a statutory violation, not that person's attorney, should recover a reasonable attorney's fee. *See* 15 U.S.C. § 1692k(a)(3); *Hester v. Graham, Bright & Smith, P.C.*, No. 07-40176, 2008 WL 2958984, at *8 (5th Cir. 2008).

III.

For the reasons set forth above, I recommend that **Plaintiff's Motion for Default Judgment Against Defendant** (Doc. 10) be **GRANTED** to the extent that default judgment

---

[9]This represents 1.8 attorney hours at a rate of $275.00 per hour, 3.6 attorney hours at a rate of $225.00 per hour, and 4.4 paralegal hours at a rate of $95.00 per hour.

[10]Plaintiff was represented by Jeffrey Spiegel, Esq., and Matthew W. Kiverts, Esq., of the law firm of Krohn & Moss, Ltd. They filed the instant motion. Thereafter, counsel moved to withdraw (Doc. 14), and the motion was granted. (Doc. 15). Plaintiff has since proceeded *pro se*. (Doc. 16).

be entered in favor of Plaintiff and against Defendant in the amount of **$3,073.00**. This includes statutory damages of $1,000.00, attorney's fees of $1,723.00, and costs of $350.00.

> Respectfully submitted on this
> 28th day of April 2010.
>
> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Prior counsel of record, Jeffrey Spiegel, Esq., and Matthew Kiverts, Esq.
Pro se Plaintiff